TAYLOR ENTERPRISE, INC., Lyle K. Taylor, Georgia M. Taylor, William Taylor, and Debra Jo Taylor, Appellees,

v.

CLARINDA PRODUCTION CREDIT AS- SOCIATION and Federal Intermediate Credit Bank of Omaha, Appellants.

No. 86–541.

Supreme Court of Iowa.

April 15, 1987.

Rehearing Denied May 8, 1987.

Timothy V. Haight, Jerrold L. Strasheim, and Mary L. Swick of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Neb., for appellants.

Robert F. Leonard and David A. Graeser of Leonard, Johnson & Graeser, P.C., Sidney, for appellees.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, LAVORATO and NEUMAN, JJ.

McGIVERIN, Justice.

Defendants appeal from an interlocutory order determining federal intermediate credit banks (FICBs) and production credit associations (PCAs) can be held liable for punitive damages in a suit against such entities in state court. We reverse and remand the case for further proceedings.

Plaintiffs Taylor Enterprise, Inc., Lyle and Georgia Taylor, and William and Debra Jo Taylor (Taylors) filed this action in Iowa district court seeking compensatory and punitive damages against Clarinda Production Credit Association (CPCA) and Federal Intermediate Credit Bank of Omaha (FICBO). Taylors claim CPCA and FICBO breached contracts, tortiously interfered with Taylors' business relationships, and breached fiduciary duties when the farm credit institutions failed to loan Taylors money in 1985 for operating expenses and payments on their farm contracts and mortgages.

In their respective answers to Taylors' petition, CPCA and FICBO denied the allegations underlying the claims and affirmatively asserted that they were not liable for punitive damages, because they are federal instrumentalities.

CPCA and FICBO filed an application for separate adjudication of law points under Iowa Rule of Civil Procedure 105. The law point they sought to have adjudicated was whether Taylors could recover punitive damages from CPCA and FICBO, federal instrumentalities pursuant to the Farm Credit Act. *See* 12 U.S.C. §§ 2071, 2091 (1982).

The parties agreed there were no controverted facts relating to this issue. The court entered its order, adjudicating that CPCA and FICBO can be held liable for punitive damages in Iowa district court.

CPCA and FICBO applied for permission to appeal from the interlocutory order. *See* Iowa R.App.P. 2; Iowa R.Civ.P. 105. We granted the appeal. Our review of this adjudication of law points is for correction of errors at law. Iowa R.App.P. 4.

CPCA and FICBO assert that the district court erred in concluding that PCAs and FICBs can be held liable for punitive damages in state court. They argue that federal instrumentalities cannot be held liable for punitive damages in the absence of an express waiver of sovereign immunity as to punitive damages.

Taylors claim CPCA and FICBO are not federal instrumentalities for purposes of a punitive damage assessment, or, alternatively, the "sue and be sued" language in the enabling statutes of PCAs and FICBs, title 12, subsections 2072(4) and 2093(4) of the United States Code, expressly authorizes the award of punitive damages.

Our recent opinion in *South Central Iowa Production Credit Association v. Scanlan*, 380 N.W.2d 699 (Iowa 1986), is cited by both parties as authority for their respective views. The main issue that we addressed in *Scanlan* was whether a PCA can be sued in state court. *Id.* at 700–03. We held the PCA was not immune from suit in state court by virtue of the Federal Tort Claims Act. *Id.; see* 28 U.S.C. §§ 1346(b), 2674, 2680 (1982). In *Scanlan* we did not address the state court plaintiff's ability to recover punitive damages from a PCA or FICB.

Taylors rely on *AgriVest Partnership v. Central Iowa Production Credit Association*, 373 N.W.2d 479 (Iowa 1985), for their argument that punitive damages can be

assessed against a PCA or FICB. The sole issue we addressed in *AgriVest Partnership*, however, was the extent of discovery to which a PCA will be subjected in state court. *Id.* at 482. Any language in that opinion stating PCAs should be treated like state-chartered banks was solely for the purposes of discovery and is not controlling on the issue in this case.

The doctrine of sovereign immunity insulates the federal government from suit "save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058, 1061 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52, 56 (1969). The extent of the waiver and the type of damages allowable are defined by the express language of the waiver, and this language is to be narrowly read. *Nibali v. United States*, 225 Ct.Cl. 8, 634 F.2d 494, 497 (1980).

Consequently, the federal government, its agencies and instrumentalities cannot be held liable for punitive damages unless there is an express statutory authorization of such an award. *Smith v. Russellville Prod. Credit Ass'n*, 777 F.2d 1544, 1549–50 (11th Cir.1985); *Rohweder v. Aberdeen Prod. Credit Ass'n*, 765 F.2d 109, 113 (8th Cir.1985); *In re Sparkman*, 703 F.2d 1097, 1100–01 (9th Cir.1983); *see Missouri Pac. R.R. v. Ault*, 256 U.S. 554, 563–65, 41 S.Ct. 593, 597, 65 L.Ed. 1087, 1092–93 (1921); *Painter v. Tennessee Valley Auth.*, 476 F.2d 943, 944 (5th Cir.1973) (per curiam); *see also* 28 U.S.C. § 2674 (Under the Federal Tort Claims Act, "[t]he United States ... shall not be liable ... for punitive damages.").

The interpretation of a federally created immunity and the extent of the waiver of that immunity should be resolved as a matter of federal law. *Travelers Ins. Co. v. United States*, 493 F.2d 881, 883 (3rd Cir.1974) (interpreting Federal Employees' Compensation Act provision).

Congress established PCAs and FICBs in 1933. In their enabling legislation, PCAs were declared instrumentalities of the United States. 48 Stat. 257 (1933) (now codified as amended at 12 U.S.C. § 2091). Amendments to the Farm Credit Act in 1971 continued the treatment of PCAs and FICBs as "federally chartered instrumentalities." 85 Stat. 597 (1971) (codified at 12 U.S.C. § 2091).

The current statutory framework under which PCAs and FICBs operate can be found in the Farm Credit Act. 12 U.S.C. §§ 2001–2259 (1982). "The Federal intermediate credit banks ... shall continue as federally chartered instrumentalities of the United States" and "shall have the power to ... sue and be sued." 12 U.S.C. §§ 2071, 2072(4). Likewise, the "production credit association[s] shall continue as federally chartered instrumentalities of the United States" and "shall have the power to ... sue and be sued." 12 U.S.C. §§ 2091, 2093(4).

Nowhere in the enabling legislation for FICBs and PCAs is there an express authorization for punitive damage awards. Neither can such language be found in the provisions excluding FICBs from the Federal Tort Claims Act. 28 U.S.C. § 2680(n).

Language in the case of *In re Sparkman* directly refutes Taylors' argument that the "sue or be sued" language in the PCA and FICB enabling statutes waives immunity from punitive damage awards.

> [W]hile the "sue and be sued" clause in the enabling legislation for production credit associations waives sovereign immunity from ordinary lawsuits, it does not subject production credit associations to liability for punitive damages. Such immunity must be waived expressly.

703 F.2d at 1101; *accord Smith*, 777 F.2d at 1549–50; *Rohweder*, 765 F.2d at 113.

Without express statutory authorization, the Eighth Circuit Court of Appeals also was unwilling to hold a PCA liable for punitive damages. The court stated:

> The United States, its agencies and instrumentalities, cannot be held liable for punitive damages in the absence of express statutory authorization. The PCA is an instrumentality of the United States. Rohweder argues that the "sue

and be sued" clause in the enabling legislation for Production Credit Associations constitutes express authorization for punitive damage awards. This argument has been rejected by the Ninth Circuit in *Sparkman.* Furthermore, Rohweder has not identified any case holding that a "sue and be sued" clause authorizes punitive damages. Accordingly, we affirm the district court's decision to strike punitive damages.

*Rohweder,* 765 F.2d at 113 (citations omitted).

We are aware of only one state court addressing this issue. In *Matthews v. Federal Land Bank,* 718 S.W.2d 220 (Mo.Ct. App.1986), a discharged employee of Farm Credit Banks of St. Louis, which included the Federal Land Bank of St. Louis and the Federal Intermediate Credit Bank of St. Louis, sued for fraudulent misrepresentations that led to her dismissal. Matthews sought compensatory and punitive damages in state court. On appeal, a $50,000 punitive damage award was reversed because the federal instrumentalities being sued were not liable for punitive damages due to the fact that sovereign immunity for those damages had not been expressly waived. *Id.* at 226–27 (citing *Rohweder,* 765 F.2d at 113; *In re Sparkman,* 703 F.2d at 1100–01).

Congress has not expressly authorized the award of punitive damages against a PCA or FICB. All federal circuit courts and one state court that have considered the issue have ruled favorably to the PCAs and FICBs because the doctrine of sovereign immunity bars the award of punitive damages in actions against the United States or its instrumentalities. An additional policy reason advanced by the federal courts was stated in the *Smith* case.

> Although punitive damages awards against PCAs would not be paid out of the federal treasury, such awards would interfere with public administration. PCAs fulfill a government mission of channeling credit primarily to farmers. Punitive damages would have to be paid from money that could otherwise be targeted to financing tractor equipment purchases, land expansion, or supply needs. The government's purposes in establishing the PCAs would thus be undercut.

777 F.2d at 1550 (citation omitted).

 In view of the above authorities, we conclude the district court erred in determining punitive damages could be awarded in an action against a production credit association or federal intermediate credit bank. In the absence of express statutory authority, such an award will not be available. Therefore, we reverse the adjudication of law points and remand the case to district court for further appropriate proceedings.

REVERSED AND REMANDED.