William V. TORNER, Executor of the Estate of Bernice S. Torner, Appellee,

v.

Michael V. REAGEN, Commissioner of the Iowa Department of Social Services, Appellant.

No. 87–1762.

Supreme Court of Iowa.

March 22, 1989.

Thomas J. Miller, Atty. Gen., Craig Kelinson, Sp. Asst. Atty. Gen., and Eleanor E. Lynn, Asst. Atty. Gen., for appellant.

Bruce L. Braley of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

This is a tort action, brought under 42 U.S.C. section 1983 against the commissioner of the Iowa department of human services. The question is whether the commissioner enjoys qualified immunity for the actions which form the basis of this suit. We think qualified immunity is a defense under the circumstances. Hence we reverse a judgment entered in favor of the plaintiff.

This suit is another result of the matters outlined in *Torner by Torner v. State*, 399 N.W.2d 381 (Iowa 1987). As detailed there, the department of human services determined that Bernice Torner became ineligible for continued Medicaid benefits because her income was too high. We rejected Bernice's constitutional challenge to the departmental rule under which her benefits were terminated. *Id.* at 387. A separate trial court ruling, in an injunction action involving the parties, resulted in a holding that Bernice was entitled to a hearing before the benefits could be terminated. That holding was not appealed. The ab-

sence of such a hearing became the catalyst for this section 1983 suit.

Bernice has since died and this suit was brought by her executor. Principles of issue preclusion were applied to prevent any relitigation of the claim that Bernice's due process rights to a hearing had been violated. The matter was tried to a jury which returned a substantial verdict against the commissioner. In a later ruling the executor was also awarded attorney fees and costs under 42 U.S.C. section 1988. The case is before us on the commissioner's appeal.

■ I. State courts have jurisdiction over appropriate section 1983 claims. *See Dickerson v. Young,* 332 N.W.2d 93, 100 (Iowa 1983). In exercising this jurisdiction a state court is to apply federal law. *Taylor Enter. v. Clarinda Prod. Credit Ass'n,* 403 N.W.2d 794, 796 (Iowa 1987). This court's deference to a trial court's factual findings does not extend to legal determinations. *Chariton Feed & Grain v. Harder,* 369 N.W.2d 777, 782 (Iowa 1985).

The test for determining claims of qualified immunity was explained in *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982).[1] It is an objective test: Did the alleged conduct violate clearly established law of which a reasonable official would have been aware? *Id.*

II. The trial court considered the qualified immunity claim to be an ordinary defensive matter and submitted it by routine instructions for resolution by the jury. After the jury rejected the claim the trial court expressed its private disagreement, but felt bound by the jury's determination of the question. We share in the trial court's view that qualified immunity is available to the defendant in this case but disagree with the trial court in thinking the matter was to be resolved by the jury.

The issue turns on whether, as a matter of law, the controlling legal standard was clearly established, a matter to be resolved by the court rather than the jury. The test

is properly applied at the summary judgment stage; no discovery should be allowed until the threshold immunity question is resolved. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738, 73 L.Ed.2d at 410–11. *See also Warren v. City of Lincoln, Nebraska,* 816 F.2d 1254, 1261 (8th Cir.1987). Only if it appears as a matter of law that the standard was clearly established does a factual question arise for jury determination. Stated otherwise, the court must hold there is a clearly established legal principle before instructing the jury to consider whether the official's conduct violated the constitutional standard. *Warren,* 816 F.2d at 618. *See also Llaguno v. Mingey,* 763 F.2d 1560, 1569 (7th Cir.1985) ("This is an issue of law, for the judge to decide.").

It was error for the trial court to have the jury decide whether Bernice's right to a hearing was a clearly established legal principle.

III. Contending that a clearly established legal principle was involved, the plaintiff argues that any error in submitting the question to the jury was harmless. Plaintiff is of course correct in contending no harm would result if the jury reached the same result a court would be required to reach as a matter of law. The attempt to rescue the jury verdict fails, however, because plaintiff is wrong in contending the legal principle was clearly established.

■ The question becomes whether, when the commissioner failed in 1982 to provide Bernice a pretermination hearing, federal law clearly required one. The plaintiff thinks the right to such a hearing was established in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), a case involving the right to an evidentiary hearing prior to termination of welfare benefits. Plaintiff points to the following language:

In the present context [due process] principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effec-

---

**1.** Although *Harlow* did not involve section 1983, the court stated there is no distinction for purposes of immunity between suits brought

against state officials under section 1983 and suits brought directly under the constitution against federal officials. *Id.* n. 30.

tive opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally. These rights are important in cases such as those before us, where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases. *Id.* at 267–68, 90 S.Ct. at 1020, 25 L.Ed.2d at 299. But in a footnote the supreme court was careful to point out:

> This case presents no question requiring our determination whether due process requires only an opportunity for written submission, or an opportunity both for written submission and oral argument, where there are no factual issues in dispute or where the application of the rule of law is not intertwined with factual issues.

*Id.* at 268, 90 S.Ct. at 1020, 25 L.Ed.2d at 299 n. 15.

The quoted footnote is especially pertinent here. Bernice's administrative appeal request did not dispute the facts. Neither did it assert there had been any misapplication of the law to the facts.

Developments since *Goldberg* fall far short of clearly establishing the legal principle which is essential for plaintiff's claim. For example, in *Velazco v. Minter,* 481 F.2d 573, 577 n. 5 (1st Cir.1973), the court stated that most courts have held that some or all of the *Goldberg* requirements are inapplicable to across-the-board reductions mandated by changes in state law or policy.

A case decided by the United States Supreme Court after the denial of a hearing for Benice involved a notice of change in food stamp benefits. No violation of due process results from a legislative determination to reduce welfare benefits; recipients "have no basis for challenging the procedures that caused them to receive a ... less valuable property interest after the amendment became effective." *Atkins v. Parker,* 472 U.S. 115, 129–30, 105 S.Ct. 2520, 2529, 86 L.Ed.2d 81, 93 (1985).

The department's denial of a hearing for Bernice was based on federal regulations then in effect. They provided that an agency need not grant a hearing if the sole issue was a federal or state law requiring an automatic change, including a change which adversely affected some or all recipients. 42 C.F.R. § 431.220(b). Even so, the district court in the previous injunction action held that a pretermination hearing was constitutionally required. Although that holding became binding on the department, it did not amount to a holding that the legal principle was clearly established so as to deprive the commissioner of qualified immunity. By no stretch could it be said that Bernice's right to a termination hearing was *clearly* established. It follows that the commissioner was entitled to qualified immunity as a matter of law. The judgment must be set aside.

IV. A part of Bernice's judgment was an award for attorneys fees under 42 U.S. C. section 1988. Because we have said plaintiff is not entitled to recovery, the fee award must also be set aside.

The case is reversed and remanded for entry of judgment for defendant.

**REVERSED AND REMANDED.**