**Thomas H. HINDERS, Appellee,**

v.

**CITY OF AMES, Iowa, F. Paul Goodland, Mayor, Larry R. Curtis, Charles L. Hammer, Mary Atherly, John Parks, John Thurston, Georgene Shank, City Council, Appellants.**

**No. 67650.**

Supreme Court of Iowa.

Feb. 16, 1983.

John R. Klaus, City Atty., Ames, for appellants.

Rex B. Gilchrist, Ames, for appellee.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

This action began when the plaintiff filed a petition for writ of mandamus to compel the Ames city council to submit to the voters a proposal to discontinue the operation of the city's electric utility and sell all the assets. The city and council members answered claiming that the plaintiff's requested change did not constitute a valid "proposal" within the meaning of Iowa Code section 388.2 (1981) (providing procedure for submission of proposal to establish or dispose of city utility), because it did not state to whom and for how much the utility was to be sold. Upon plaintiff's motion for adjudication of law points, the district court ruled the plaintiff had filed a valid petition and that plaintiff's proposal was sufficiently specific to constitute a "proposal" within the meaning of section 388.2. The court also stated that under the statute, approval of the proposal by the voters would authorize the city council to dispose of the utility, but would not require it to do so. Following plaintiff's motion for summary judgment, the district court ordered the proposal submitted to the voters at the next regular election in November of 1983, and ordered a writ of mandamus issue. Defendants appeal, and plaintiff cross-appeals. We affirm on both appeals.

## I. *Proposal Under Section 388.2.*

The parties assert that the primary question on this appeal is one of statutory construction. This court is asked to decide whether the word "proposal," as used in section 388.2, is synonymous with the word "question," or whether the word "proposal" suggests a more complete proposition, definite in all essential terms and conditions. The city argues for the latter. In support of its position, the City relies on the legislative history of section 388.2. It points out that the word "question" was used in previous statutes, *see, e.g.,* Iowa Code section 396.6 (1973), while the present code calls for a "proposal." The city asserts that the two words are distinguishable and the change in terminology "was a deliberate and solemn legislative act," indicating an intent to re-quire a more definite statement of proposals when made pursuant to section 388.2.

The purpose of all rules of statutory construction is to ascertain the intent of the enacting legislature. *See, e.g., State v. Whetstine,* 315 N.W.2d 758, 760 (Iowa 1982); *American Home Products v. Iowa State Bd. of Tax,* 302 N.W.2d 140, 142 (Iowa 1981). Where, however, the language of the statute is clear and plain there is no room for construction, *see, e.g., Iowa National Industrial Loan Co. v. Iowa State Dep. of Revenue,* 224 N.W.2d 437, 440 (Iowa 1974), and the sole function of this court is to apply the statute according to its terms. *See, e.g., State v. Sharkey,* 311 N.W.2d 68, 72 (Iowa 1981); *State v. Baker,* 293 N.W.2d 568, 572 (Iowa 1980). Because we believe it is possible to resolve the present dispute without resorting to the rules of statutory construction, we simply apply the statute, as written.

Section 388.2, provides as follows:

**Submission to voters.** The proposal of a city to establish, acquire, lease, or dispose of a city utility, except a sanitary sewage system, in order to undertake or to discontinue the operation of the city utility, or the proposal to establish or discontinue a utility board, is subject to the approval of the voters of the city, except that a board may be discontinued by resolution of the council when the city utility, city utilities, or combined utility system it administers is disposed of or leased for a period of over five years.

The proposal may be submitted to the voters at any city election by the council on its own motion. Upon receipt of a valid petition as defined in section 362.4, requesting that a proposal be submitted to the voters, the council shall submit the proposal at the next regular city election.

A proposal for the establishment of a utility board must specify a board of either three or five members.

If a majority of those voting for and against the proposal approves the proposal, the city may proceed as proposed.

If a majority of those voting for and against the proposal does not approve the

proposal, the same or a similar proposal may not be submitted to the voters of the city for at least four years from the date of the election at which the proposal was defeated.

The plaintiff requested

[t]hat the city of Ames, Iowa, discontinue the operation of the City Electric Utility and that the City Electric Generating Plant, all transmission lines, and all other assets of the Electric Utility, be sold and disposed of, all as provided under Section 388.2 Code of Iowa.

Public service plants, such as an electrical facility, are generally declared to be held in trust by the municipality for the public and cannot be sold by a city without express legislative authority. C. Rhyne, *The Law of Local Government Operations,* § 23.11 at 652 (1980). Chapter 388 is part of the statutory scheme providing that authority, *see also* section 364.1 (powers and duties of cities), and sets out the procedure for an election to establish or dispose of a public utility. Where such a procedure is prescribed the view has been taken that substantial compliance with the statutory requirements is sufficient. 63 C.J.S. Municipal Corporations § 1066 at 705–06 (1950); 56 Am Jur.2d Municipal Corporations § 576 at 627 (1971); *see also* Annot., 52 A.L.R. 1033 (1928) (sufficiency of compliance with sale of public utilities).

This court has said that public measures should be sufficiently definite to apprise the voters with substantial accuracy of what they are called upon to approve, *Baird v. City of Webster City,* 265 Iowa 1097, 1110, 130 N.W.2d 432, 440 (1964); *Pennington v. Town of Summer,* 222 Iowa 1005, 1009–10, 270 N.W. 629, 632 (1936), and that "[c]ourts will be slow in holding a petition invalid where the statement made therein comply with the specific requirements of the statute." *Abbott v. Iowa City,* 224 Iowa 698, 712, 277 N.W. 437, 444 (1938) (citations omitted).

■ In the present case, there is nothing in the language of the statute which prescribes specifically how a city utility plant is to be disposed of, or for that matter how

one is to be established. To follow the City's argument that a "proposal" under the statute must contain the specifics of the actual disposition would create the impractical result of requiring one presenting a proposal to solicit a buyer and establish a price even before such a sale has been approved or disapproved by the voters. We believe such details and specifics are left to the discretion of the city council, *see Iowa Public Service Co. v. Tourgee,* 208 Iowa 36, 43, 222 N.W. 882, 885 (1929); all the statute requires is the necessary voter approval. Because the plaintiff's proposal is clear and accurately informs the voters of what they are called upon to decide, namely, whether the city utility should be discontinued and its assets sold, we conclude the plaintiff substantially complied with the requirements of section 388.2 and the district court's ruling was correct.

## II. *Effect of Voter Approval.*

On cross appeal, the plaintiff asserts that the district court erred in stating that:

If the proposal receives an affirmative vote, the City Council is then free to follow one of two courses of action: (1) The Council may determine that disposal of the city electric utility should not be undertaken, or (2) the Council could proceed to dispose of the property pursuant to Section 364.7 of the Code.

This statement by the court apparently was based upon section 388.2, which states that if the proposal is approved "the City *may* proceed as proposed." (Emphasis added.) Plaintiff's claim is premature; the preliminary vote on the issue has not been held. While the district court's statement of the law must therefore be considered surplusage, it does not invalidate the order.

AFFIRMED ON BOTH APPEALS.