Charles **LADD,** Appellant,

v.

**IOWA WEST RACING ASSOCIATION,** Appellee.

No. 88–976.

Supreme Court of Iowa.

April 19, 1989.

Timothy O'Grady of Over, Over & Over, P.C., Council Bluffs, for appellant.

Jacob J. Peters of The Peters Law Firm, P.C., Council Bluffs, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Complainant, Charles Ladd, appeals the dismissal by the trial court of his sexual discrimination claim against respondent, the Iowa West Racing Association, d/b/a Bluffs Run. We reverse and remand.

The principles governing our review are well-settled. A motion to dismiss is sus-

tainable only when the pleadings make certain that the pleader has failed to state a claim on which any relief can be granted under any state of facts provable under the allegations. *Rittscher v. State*, 352 N.W.2d 247, 250 (Iowa 1984); *Curtis v. Board of Supervisors*, 270 N.W.2d 447, 448 (Iowa 1978). We therefore take Ladd's allegations in his petition as true and construe the allegations in the light most favorable to him. *Clark v. Mincks*, 364 N.W. 2d 226, 228 (Iowa 1985); *Salsbury Laboratories v. Iowa DEQ*, 276 N.W.2d 830, 833 (Iowa 1979).

Viewed with these principles in mind, the record reveals the following facts. Every Wednesday afternoon from June 17, 1987, to September 9, 1987, Bluffs Run ran a "Ladies Day" promotion in the grandstand area of the track. This promotion granted women free admission into the grandstand and gave them discounted prices on food, drinks, and souvenirs. Men were required to pay the usual prices for all of these items. On June 17, Ladd unsuccessfully attempted to obtain the same benefits granted to women by the promotion.

On June 22, 1987, Ladd filed a complaint with the Iowa Civil Rights Commission, alleging the promotion was in violation of the Iowa Civil Rights Act, codified as Iowa Code chapter 601A (1985). The commission determined there was probable cause to believe Bluffs Run had violated section 601A.7(1)(a), which prohibits unfair or discriminatory practices regarding public accommodations. The commission then granted Ladd a release to bring an action in district court, pursuant to section 601A.16.

On January 7, 1988, Ladd brought this action to enjoin Bluffs Run from reinstituting "Ladies Day" promotions and to recover damages, including attorney fees and court costs. After Ladd submitted his case, which consisted of the facts set out above, the trial court sustained Bluffs Run's motion to dismiss. *See* Iowa R. of Civ. P. 216.

There is no dispute Bluffs Run is a "public accommodation," as defined in section 601A.2(10). *See United States Jaycees v.*

*Iowa Civil Rights Comm'n*, 427 N.W.2d 450 (Iowa 1988). Bluffs Run is therefore subject to the requirements of section 601A.7(1)(a), which provides:

1. It shall be an unfair or discriminatory practice for any owner, lessee, sublessee, proprietor, manager, or superintendent of any public accommodation or any agent or employee thereof:

a. To refuse or deny to any person because of race, creed, color, sex, national origin, religion or disability the accommodations, advantages, facilities, services, or privileges thereof, or otherwise to discriminate against any person because of race, creed, color, sex, national origin, religion or disability in the furnishing of such accommodations, advantages, facilities, services, or privileges.

It is the contention of Bluffs Run that this statute does not proscribe all disparate treatment but only disparate treatment that rises to the level of a refusal or denial of public services or accommodations. Bluffs Run notes that Ladd concedes he was not refused or denied admission or concessions; he merely was required to pay the regular prices.

Both parties direct our attention to other jurisdictions in which cases involving similar promotions have arisen. *Compare Koire v. Metro Car Wash*, 40 Cal.3d 24, 219 Cal.Rptr. 133, 707 P.2d 195 (1985) (promotion was unlawful discrimination); *Peppin v. Woodside Delicatessen*, 67 Md.App. 39, 506 A.2d 263 (1986) (same); *Pennsylvania Liquor Control Bd. v. Dobrinoff*, 80 Pa.Cmwlth. 453, 471 A.2d 941 (1984) (same) *with Dock Club, Inc. v. Illinois Liquor Control Comm'n*, 101 Ill.App.3d 673, 57 Ill.Dec. 185, 428 N.E.2d 735 (1981) (promotion did not deny persons "equal enjoyment" of facilities); *MacLean v. First North. Indus.*, 96 Wash.2d 338, 635 P.2d 683 (1981) (same). However, due to the significant differences between the statutory language at issue in those cases and that at issue here, we do not find these decisions to be particularly helpful.

Instead, our interpretation of section 601A.7(1)(a) is guided by the following well-settled principles. The intent of the legis-

lature is the polestar in construing the statute. *AFSCME/Iowa Council 61 v. Iowa Dep't of Pub. Safety,* 434 N.W.2d 401, 404 (Iowa 1988). With respect to chapter 601A, the legislature has mandated that it be construed broadly to eliminate unfair and discriminatory practices in public accommodations. Iowa Code § 601A.18; *see Chauffeurs, Teamsters and Helpers, Local Union No. 238 v. Iowa Civil Rights Comm'n,* 394 N.W.2d 375, 382 (Iowa 1986). However, where the language of the statute is clear and plain there is no room for construction, so the sole function of this court is to apply the statute according to its terms. *Hinders v. City of Ames,* 329 N.W. 2d 654, 655 (Iowa 1983).

We believe the language of section 601A.7(1)(a) is clear and plain. By its terms, the statute makes it an unlawful practice to discriminate against any person because of sex in the furnishing of the accommodations, advantages, facilities, services, or privileges of any public accommodation.

Application of these provisions to the facts alleged by Ladd shows that Bluffs Run's promotion was clearly violative of the statute. By giving women free admission and discounted prices on concessions, Bluffs Run discriminated against men in the furnishing of its facilities and services.

Discrimination can arise from many sources, varying in degree from innocuous to pernicious. Often it accompanies a legitimate purpose, appearing incidentally or as an unwanted byproduct. Although this discrimination was perhaps as patronizing to women as it was offensive to Ladd, we, nevertheless, do not believe a meaningful line can be drawn on that ground or that a de minimis exception for prohibited discrimination is viable. Nor does the statute suggest we should attempt to make such distinctions.

The statute also does not provide an exception for discriminatory conduct that is engaged in with an intention other than to discriminate. Bluffs Run contends its motivation for the promotion was to stimulate business. We can conceive of no way to differentiate between an accidentally dis-

criminatory promotional scheme and a prohibited discriminatory practice without eviscerating the statute by requiring that discriminatory intent be positively shown. In any event, the statutory language is clear. If discrimination on the basis of an enumerated classification occurs, that in and of itself constitutes a violation of the statute.

We conclude the trial court erred by dismissing Ladd's petition. We reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.