**STATE of Iowa, Appellant,**

v.

**James Jude GORMAN, Appellee.**

No. 90–532.

Supreme Court of Iowa.

Dec. 19, 1990.

Thomas J. Miller, Atty. Gen., Steven Foritano, Asst. Atty. Gen., and Ray Walton, Asst. Co. Atty., for appellant.

C.A. Frerichs of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

The issue we must decide here is whether an itinerant house painter must obtain a transient merchant's license under Iowa Code chapter 81A (1989). The district court thought not. We agree and affirm.

The facts are not in dispute. James Gorman is an itinerant house painter from Tennessee who travels with equipment and

supplies to engage in the retail business of painting. He does not have an Iowa "transient merchant's" license under Iowa Code chapter 81A. He also does not provide the type of written contract or three-day notice of cancellation required by Iowa Code chapter 82, the Door–to–Door Sales Act.

While in Iowa, Gorman orally agreed to paint a house and outbuildings for an Iowa resident. While engaged in this job, Gorman was arrested and charged with the simple misdemeanors of violating Iowa Code chapters 81A and 82.

Gorman was convicted on those charges before a magistrate. Upon Gorman's appeal, however, the district court reversed these convictions. The district court held that Gorman did not fall within chapter 81A's definition of a "transient merchant." The district court also held that chapter 82, the Door–to–Door Sales Act, did not apply.

The State applied for discretionary review. *See* Iowa R.App.P. 201. The State only challenged that part of the district court's order that reversed Gorman's conviction under chapter 81A for failing to have a "transient merchant's" license. We granted discretionary review.

Section 81A.2 makes it unlawful for a transient merchant "to sell, dispose of, or offer for sale any goods, wares or merchandise of any kind, nature or description" in Iowa without a license. A transient merchant is defined in section 81A.1:

> The term "transient merchant" as used herein shall mean and include every merchant ... who shall bring or cause to be brought within the state of Iowa *any goods, wares or merchandise of any kind, nature or description....* The provisions of this chapter shall not be construed to apply to persons selling at wholesale to merchants, nor to transient vendors of drugs, nor to persons running a huckster wagon, or selling or distributing livestock feeds, fresh meats, fish, fruit, or vegetables, *nor to persons selling their own work or production either by themselves or employees.*

(Emphasis added.)

The district court concluded that Gorman was not a transient merchant for two rea-

sons. First, Gorman was providing a service, and "service" is not included in the definition. Second, Gorman was selling his own work or production within the meaning of the exception in section 81A.1. We agree.

Familiar principles govern our construction of statutes. First and foremost we use such principles to ascertain the intent of the legislature in enacting legislation. *Hinders v. City of Ames*, 329 N.W.2d 654, 655 (Iowa 1983). But when the language is clear "there is no room for construction and the sole function of this court is to apply the statute according to its terms." *Id.* In other words, we may not under the guise of construction extend, enlarge, or otherwise change terms and meanings of the statute. *State v. Wedelstedt*, 213 N.W.2d 652, 656 (Iowa 1973). We only concern ourselves with what the legislature said rather than what it should have said or might have said. *Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 359 (Iowa 1982). Finally, violation of any provision of chapter 81A constitutes a crime. *See* Iowa Code § 81A.9 (a violation of any provision of chapter 81A constitutes a simple misdemeanor). So we strictly construe the statute. *See Knott v. Rawlings*, 250 Iowa 892, 895, 96 N.W.2d 900, 901 (1959) (criminal statutes may not be extended to include offense not clearly within fair scope of the language used).

With these principles in mind, we turn to section 81A.1. The definition of a transient merchant includes only those who sell goods, wares or merchandise. Services are not mentioned. And there is a difference in the plain meaning of the words goods, wares, and merchandise on the one hand, and services on the other. Goods, wares, and merchandise are synonymous with tangible products. In contrast, services are synonymous with labor. We note the Uniform Commercial Code makes the same distinction and applies only to goods. *See* Iowa Code § 554.2102 ("Unless the context otherwise requires, this Article applies to transactions in goods ..."); *id.* § 554.2105(1) (" 'Goods' means all things (including specially manufactured goods)

which are movable ...");  *see also Moore v. Vanderloo,* 386 N.W.2d 108, 112 (Iowa 1986) (uniform commercial code does not apply to services).

The plain meaning of section 81A.1 therefore excludes services. Gorman provides a service—painting—and not goods, wares or merchandise.

■ In addition, section 81A.1 provides a specific exemption to "persons selling their own work or production either by themselves or employees." Again the plain meaning of this provision is that persons selling their own labor—in this case painting—are not transient merchants.

We reject the State's contention that we should use a definition of "merchandise" in section 714.16(1), the Iowa Consumer Fraud Act. In that section merchandise specifically includes services. In rejecting this contention we agree with the district court's reasoning:

> By drawing upon a definition in another statute, the State seeks to include the contract of the defendant to provide labor to paint Mr. Soska's barn, house, and garage as "merchandise" and thus bring the defendant under the provisions of chapter 81A. However, in using the common and ordinary meaning ascribed to the words "goods, wares or merchandise," the court concludes that under chapter 81A none of those terms was intended by the legislature to include the providing of labor or services, such as in the instant case. The legislature, had it intended such result, could have easily included in the definition of a "transient merchant" a person who provides labor or services. It obviously chose not to do so, and the court cannot expand on the legislative intent by using a statutory definition not contained in a specific chapter under which the defendant is charged.

In addition, our adoption of the State's contention would fly in the face of the specific exemption for "persons selling their work" in section 81A.1.

■ We likewise reject the State's contention that the exemption only applies to persons selling their products at a country craft fair. The State offers no reasonable explanation for such a construction. Such a construction ignores the plain meaning of the statute and simply amounts to speculation about what the legislature really intended.

We agree with the district court's explanation of why the legislature might not have included a person who provides labor or services in the definition of a transient merchant. When tangible products are sold, the buyer usually pays at the time of delivery.

In contrast, services or labor are generally paid for after their completion. That was the intention in this case. So if services are not satisfactory the customer can refuse to pay until they are. Again, in this case, that was the agreement.

Such an option is not generally available to one who buys a product because payment usually has already been made before the customer discovers the defect. Usually in these cases the seller is gone and nowhere to be found. A license and performance bond give such buyers a measure of protection. *See* Iowa Code § 81A.3 (licensing provision); *id.* § 81A.4 (bond requirement).

■ The State also has a fall-back position. The paint Gorman was using is merchandise. So, the State argues, the transient merchant definition does apply to Gorman.

The district court specifically addressed this contention, finding that there was no evidence Gorman brought or caused to be brought into Iowa the paint that he used. *See* Iowa Code § 81A.1 (transient merchant includes "every merchant ... *who shall bring or cause to be brought within ... Iowa any goods, wares or merchandise*"). The record amply supports the district court's finding on this issue.

We have carefully considered all of the contentions and arguments of the parties whether specifically addressed or not. Finding no error, we affirm.

AFFIRMED.