James Leo GREENE, Appellant,

v.

FRIEND OF the COURT, POLK COUN-
TY, Iowa, and Iowa Department of So-
cial Services n/k/a Iowa Department of
Human Services, Appellees.

No. 85–1617.

Supreme Court of Iowa.

April 15, 1987.

Rehearing Denied June 12, 1987.

William H. Michelson, Clark, New Jer-
sey, and Garry D. Woodward of Wood-
ward, Davis & Rossi, Des Moines, for ap-
pellant.

Richard G. Blane II of Hansen, McClin-
tock & Riley, Des Moines, James A. Smith,
Co. Atty., and Charles R. Montgomery, Des
Moines, for appellees Friend of the Court
and Polk County, Iowa.

Thomas J. Miller, Atty. Gen., and Gordon E. Allen, Sp. Asst. Atty. Gen., for appellee Iowa Dept. of Human Services.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Plaintiff, James Leo Greene, appeals from summary judgment for the defendants, Polk County, Iowa, (the county); Iowa Department of Human Services (DHS); and the Friend of Court Office of Polk County, Iowa, (friend of court), in an action commenced under 42 U.S.C. section 1983 (1982) for alleged deprivation of constitutional rights. Our review of the record convinces us that summary judgment was properly granted in favor of all defendants. Accordingly, we affirm the district court's judgment.

In 1977, the district court found plaintiff to be in contempt for failing to pay child support as required by a 1975 dissolution of marriage decree. An order committing plaintiff to the county jail was stayed, and he was given an opportunity to avoid imprisonment by making payments toward the arrearage in accordance with a prescribed schedule. Plaintiff made partial payments over a five-year period but fell behind in the payment schedule ordered by the court.

On December 28, 1982, a friend of court staff attorney employed by the county applied for an order of commitment under the 1977 contempt finding. An ex parte order was entered committing plaintiff to jail on the ground that he had not met the conditions imposed in prior court orders withholding commitment. Plaintiff challenged his December 28, 1982, jailing by an original certiorari action in this court. We held that he had been denied due process because he was jailed without a hearing to permit him to explain why he failed to satisfy the conditions of the previous order withholding commitment. *Greene v. District Court,* 342 N.W.2d 818 (Iowa 1983).

Following that decision, plaintiff filed the present civil rights action under section 1983. He alleged his jailing at the instigation of the defendants deprived him of his liberty in violation of the fourteenth amendment right to due process. Both plaintiff and defendants moved for summary judgment. In denying plaintiff's motion for summary judgment, the district court held that he could only recover under section 1983 upon proof that the actions leading to his imprisonment were part of a governmental policy or custom and not a mere isolated occurrence. The court determined that there was a genuine issue of material fact with respect to that circumstance.

The motion of all defendants for summary judgment, based on the claim that it appeared as a matter of law that plaintiff's incarceration was an isolated occurrence and not in keeping with a policy or custom, was denied. DHS's motion for summary judgment, based on governmental immunity, was also denied. The court did grant summary judgment in favor of all defendants, however, on the alternative ground that, because the staff attorneys who presented the matter to the court were protected by an absolute immunity, the governmental bodies whose interests those attorneys were pursuing were entitled to a substantially similar cloak of immunity.

The plaintiff has appealed from the latter determination. The defendants, in addition to urging that the district court's ruling on that issue was correct, also seek to save the judgment on the basis that, in any event, their motions for summary judgment should have been sustained on the other grounds presented. We separately consider the issues presented. Additional facts bearing on the issues will be stated in connection with our discussion of applicable law.

I. *Whether Governmental Entities Share in the Immunity of Their Staff Attorneys.*

■ Plaintiff forcefully argues that, because the theory of his claim against the three defendants, as governmental bodies, is not based on respondeat superior, the district court incorrectly concluded they are entitled to share in the immunity, if any, of

the staff attorneys who requested the court to issue an order of commitment on plaintiff's 1977 contempt sentence. In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Court determined that respondeat superior is not a basis for rendering a governmental entity liable for constitutional violations committed by its employees. In order to establish liability of governmental entities under section 1983, it must be established that some official governmental policy or custom was a cause in fact of plaintiff's constitutional deprivation. *Id.*

■ Because under *Monell* governmental entities are liable, if at all, for their own official actions rather than for the actions of their employees, immunity enjoyed by the employee is not material as to the liability of the governmental employer. With respect to whether the governmental entity enjoys some immunity in its own right, *Monell* clearly rejected any theory of absolute immunity for governmental entities. Moreover, *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), serves, we believe, to abrogate any qualified immunity under the facts which plaintiff may be able to establish at trial. *See* Comment, *Strict Liability Under Section 1983 for Municipal Deprivations of Federal Rights: Owen v. City of Independence*, 55 St. John's L.Rev. 153 (1980).

We therefore conclude the district court employed an improper ground for sustaining defendants' motion for summary judgment. Because, however, we also find that other valid bases for granting summary judgment were presented and considered by the district court, the judgment may nevertheless be affirmed on the alternative grounds hereafter considered.

II. *Sovereign Immunity of DHS.*

■ The defendant DHS raised an affirmative defense of sovereign immunity in its answer to plaintiff's section 1983 claim and also asserted that defense as one of the grounds of its motion for summary judgment. On appeal, it seeks to save the judgment on that ground notwithstanding this court's conclusions concerning the other immunity claims discussed in the prior division. We are committed to the view that an appellee who prevailed as the result of improper legal conclusions of the district court may seek affirmance of the judgment based on the validity of other legally valid grounds which were presented to that court. *See Lowery Inv. Corp. v. Stephens Indus., Inc.*, 395 N.W.2d 850, 852 (Iowa 1986); *Kroblin Refrigerated X Press Inc. v. Ledvina*, 256 Iowa 229, 233, 127 N.W.2d 133, 136 (1964); *McCuddin v. Dickinson*, 230 Iowa 1141, 1143, 300 N.W. 308, 309 (1941).

■ States and agencies, which act as the alter ego of the state, are not subject to suit under section 1983 in federal court by reason of the eleventh amendment to the federal constitution. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). In addition, many courts have held as a matter of statutory interpretation that section 1983 does not create a cause of action against a state or its alter ego agencies in a state court. *State v. Green*, 633 P.2d 1381 (Alaska 1981); *Pyne v. Meese*, 172 Cal.App.3d 392, 403, 218 Cal.Rptr. 87, 92 (1985); *Merritt v. State*, 108 Idaho 20, 26, 696 P.2d 871, 877 (1985); *DeVargas v. State ex rel. N.M. Dep't of Corrections*, 97 N.M. 447, 449, 640 P.2d 1327, 1329 (N.M.Ct. App.1981). Other courts have suggested that section 1983 claims may be brought against states and their alter ego agencies in state courts if sovereign immunity has been waived by a state. *See Gay Students Servs. v. Texas A & M Univ.*, 612 F.2d 160, 164–65 (5th Cir.1980); *Thiboutot v. State*, 405 A.2d 230, 236–37 (Me.1979); *DeBleecker v. Montgomery County*, 292 Md. 498, 512–13, 438 A.2d 1348, 1356 (1982); *Lowery v. Department of Corrections*, 146 Mich. App. 342, 354–56, 380 N.W.2d 99, 105–06 (1985); *Smith v. State*, 122 Mich.App. 340, 349–52, 333 N.W.2d 50, 54–56 (1983). In adopting the latter position, the Michigan court in *Lowery v. Department of Corrections*, 146 Mich.App. at 354–56, 380 N.W.2d at 105–06, concluded that the Michigan Department of Corrections could not be sued in the courts of that state because the applicable legislation authorizing tort

claims against state agencies did not embrace section 1983 actions.

DHS urges that the situation presented to the Michigan court in the *Lowery* case is involved in the present case as a result of Iowa Code chapter 25A (1985). It argues that both the language of inclusion found in Iowa Code section 25A.2(5)(a) (1985) and the language of exclusion found in Iowa Code section 25A.14(4) (1985) lead to this result. Assuming, without deciding, that plaintiff's claims qualify, either as damage or loss to property or on account of personal injury, so as to be embraced by the definition in section 25A.2(5)(a), we agree with that portion of the DHS argument based on the exclusionary language of section 25A.14(4). The latter section identifies excluded claims in terms of the type of wrong inflicted. The gravamen of plaintiff's claim in the present case is the functional equivalent of false arrest or false imprisonment, which are both section 25A.14(4) exceptions to the Iowa Tort Claims Act. Consequently, we agree with the position of DHS that the State has not waived its sovereign immunity or that of its alter ego agencies with respect to the type of claim presented in this case.

It is unnecessary in the present case to elect between the positions of courts finding that section 1983 does not permit damage claims against states or their alter ego agencies in any instance and courts holding that such claims are permitted if sovereign immunity has been waived. Under either line of cases, DHS is entitled to immunity on the facts of the present case.[1] The motion for summary judgment was properly granted as to the defendant DHS.

III. *Alternative Grounds of Motion for Summary Judgment by the County and Friend of Court.*

■ The plaintiff concedes that in order to recover against the county or the friend of court he is required under *Monell* to show that his imprisonment was caused by the defendants carrying out an official governmental policy or custom. In resisting the summary judgment claims of these defendants, plaintiff contends that an issue of fact exists concerning whether the defendants had an official policy which fostered jailing judgment debtors delinquent in child support payments without affording them a hearing to explain the reasons for their failure to pay. Plaintiff attempts to support this contention by referring to deposition exhibits consisting of parts of a handbook and accompanying legal forms developed by the child support recovery unit of DHS. Plaintiff asserts that these forms encourage child support recovery attorneys to try to obtain jailings without hearings where judgment debtors have failed to meet the conditions imposed by prior court orders.

The forms in question relate to situations where the court has already made a finding that the judgment debtor has willfully failed to pay court-ordered child support, and the court has sentenced the offending person to jail but has withheld the order of commitment on condition that certain prescribed payments be made toward the arrearage. These forms were developed prior to our 1983 decision in *Greene v. District Court.* We find upon examination of the pleadings, depositions, and exhibits utilized in determining the summary judgment motion that, viewing the disputed facts most favorably to plaintiff, they fail to support a section 1983 recovery against the county or the friend of court under *Monell.*

To the extent the handbook or forms represent official policy, it is policy established by DHS and not by the county or the friend of court. More significantly, it appears that the practices espoused in the handbook and forms are an attempt to conform the practices of child support recovery attorneys to the practices already in

**1.** It is not always clear whether a governmental entity is to be treated as an arm of the state for immunity purposes. *See, e.g., Spicer v. Hilton,* 618 F.2d 232 (3d Cir.1980); *Harris v. Arizona Bd. of Regents,* 528 F.Supp. 987 (D.Ariz.1981). The principal test seems to be whether a judgment against the entity will be satisfied out of the state treasury. We find that DHS is clearly an alter ego agency of the state of Iowa for purposes of sharing in its immunity. *See* Iowa Code § 25A.2(1).

existence in the several judicial districts of the state. The DHS manual expressly states in this regard:

> In each judicial district of Iowa, the courts approved ... the contempt forms to be used.... In some instances, ... a certain judge will not allow an attorney to use [a particular] contempt form.... Each child support attorney should be aware of which forms are allowed by the district court judges.... We have provided forms which were approved by several judicial districts. The child support attorney should be aware of which form is an accepted practice.

The practices of the Iowa District Court for Polk County in domestic contempt cases are discussed at length in testimony by deposition of the judge in charge of domestic relations cases at the time of plaintiff's jailing. In situations where the court, after one evidentiary hearing, found that a support obligor willfully failed to pay child support and the court withheld a jail sentence upon condition that the contemner make specific payments, the practice was to issue a mittimus without further hearing if a satisfactory showing of the contemner's failure to satisfy those conditions was received. The presiding judge also testified that, under the practice of the court, a professional statement by a friend of court staff attorney that the court-ordered conditions had not been met would be deemed sufficient proof for this purpose.

It seems inescapable, from both the comments in the manual pertaining to use of the forms and the statements of judicial policy from the presiding judge of the court in which the forms were allegedly utilized, that plaintiff's jailing was the product of judicial action prompted by the recommendation of public agency attorneys attempting to represent their clients in accordance with the established practices of the court in which they were appearing. This factual setting does not permit a section 1983 recovery against the county or friend of court under *Monell* based on unconstitutional policy making by a governmental agency. The motion for summary judg-

ment of these defendants was properly granted.

We have considered all grounds urged for reversal and find that the judgment of the district court should be affirmed.

AFFIRMED.