**HAWKEYE BY–PRODUCTS, INC. A Corporation, and Frank Swenderoski, an Individual, Appellants,**

v.

**STATE of Iowa: Department of Agriculture of the State of Iowa; and Donald McCracken, Appellees.**

No. 86–808.

Supreme Court of Iowa.

Feb. 17, 1988.

Dennis W. Johnson of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellants.

Thomas J. Miller, Atty. Gen., and Joanne Moeller, Asst. Atty. Gen., for appellees.

CARTER, Justice.

Plaintiff Hawkeye By–Products, Inc. (Hawkeye) is engaged in the business of operating animal rendering plants. In 1984, it was contemplating construction of a plant in Adair County, Iowa. Legal requirements in force at the time required approval of the facility by the Iowa Department of Agriculture. *See* Iowa Code § 167.8 (1985).

Because Hawkeye was required to make an election with regard to exercising an option for the real estate on which the proposed plant was to be located, it pressed the department and particularly Donald McCracken, one of its employees, for an indication as to whether its application would be favored. Hawkeye asserts that McCracken assured it that the necessary approval would be forthcoming if local authorities did not object. This assurance, in conjunction with the tentative approval of

the site by the Adair County Board of Supervisors, caused Hawkeye to exercise an option on the site location, purchase necessary equipment, and incur other related expenses estimated at $312,000.

Subsequently, when the county board of supervisors formally withheld approval of the plant location, the department refused to issue the required permit. An administrative hearing was then held on the matter as prescribed by agency rule. *See* 30 Iowa Admin.Code 12.23. This resulted in a final agency decision on February 12, 1985, denying a license to operate a rendering plant at the proposed site.

On February 4, 1986, Hawkeye commenced an action for damages against the State and Donald McCracken on theories of negligent misrepresentation, fraudulent misrepresentation, and promissory estoppel. Plaintiff Frank Swenderoski joined in this action seeking damages he allegedly sustained in his individual capacity in reliance on the aborted rendering plant project. By special appearance, defendants asserted the defense of sovereign immunity. The district court dismissed plaintiffs' claims on that theory, and they have appealed. For reasons which we indicate, we affirm the judgment of the district court.

## I. *Negligent or Fraudulent Misrepresentation.*

■ In seeking to sustain the district court's judgment, the State contends that the denial of the permit was "the failure to exercise or perform a discretionary function," an activity for which the State is expressly relieved from liability under Iowa Code section 25A.14(1) (1985). We do not believe that the issue may be properly decided on this basis. In reviewing plaintiffs' claims, it appears that they are not contending that the State's denial of a permit was improper on the merits. They are instead alleging that the State's assurances that the permit would be granted were recklessly or negligently made in a manner calculated to produce detrimental reliance on their part. As a result, the case cannot be determined simply on the basis of a discretionary function.

In describing the type of claim which may be pursued against the State of Iowa or its instrumentalities or agencies, the legislature has employed both language of inclusion and exclusion. Claims cognizable under Iowa Code chapter 25A (1985) include:

*a.* Any claim against the state of Iowa for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment, under circumstances where the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death.

*b.* Any claim against an employee of the state for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment.

Iowa Code § 25A.2(5)(a), (b) (1985). The provisions of the chapter, however, do not apply with respect to certain claims. These include:

Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit, or interference with contract rights.*

Iowa Code § 25A.14(4) (emphasis added). Assuming that the false assurances for project approval which were given plaintiff by the State or its agents were of a nature otherwise actionable as misrepresentation, *see Beeck v. Kapalis,* 302 N.W.2d 90, 95 (Iowa 1981), we conclude that the exclusionary language of section 25A.14(4) supports the State's entitlement to sovereign immunity. As we stated in *Greene v. Friend of Court, Polk County,* 406 N.W. 2d 433, 436 (Iowa 1987), "[t]he latter section identifies excluded claims in terms of the type of wrong inflicted." Here, the gravamen of plaintiffs' claim is misrepresentation, deceit, and interference with contract rights. The district court was correct

in concluding that such claims will not lie against the sovereign.

## II. *Claims Founded on Promissory Estoppel.*

Faced with these statutory impediments to a claim founded on actionable misrepresentation, plaintiffs urge that we should permit recovery against the State in the present action under a theory of promissory estoppel such as that embraced within Restatement (Second) of Contracts § 90 (1981). We reject this claim for two reasons.

First, we believe that in adopting the exceptions set forth in section 25A.14 the legislature intended to preclude all claims based on the type of conduct described in the exclusionary language. *See Greene*, 406 N.W.2d at 436. The statute is designed to relieve the State from liability for the false or inaccurate representations of its employees to the extent that such liability would extend to the acts of private parties. There would be little purpose in such a statutory scheme if it could be circumvented merely by a shift of legal theory.

A second reason for failing to allow a claim against the State under plaintiffs' promissory estoppel theory is that the facts fail to meet the criteria for waiver of state immunity in contract cases. In *Kersten Co. v. Iowa Department of Social Services*, 207 N.W.2d 117 (Iowa 1973), this court based the right of individuals to recover against the state on express contracts on the need for mutuality of remedy in order to insure fairness. As we expressly noted in that decision:

> [T]he ... [State] cannot function without countless day-to-day contractual dealings. Of course, the State expects the other contracting parties to honor these obligations. It can—and does—seek redress when they fail to do so.
>
> Just as certainly *they* expect faithful performance by the State; but they have been left without adequate recourse when these expectations are unfulfilled. We do not consider a request for legislative allowance to be a satisfactory remedy for breach of a contractual duty. We agree with those courts which say the State, by entering into a contract, agrees to be answerable for its breach and waives its immunity from suit to that extent.

*Id.* at 119–20.

Citizens who contract with the state for a specific performance should be fairly accorded enforcement of the state's obligations in the courts. Citizens do not contract with the state or its agencies, however, in order to obtain necessary permits for governmentally regulated activities. These plaintiffs did not contract with the state for the benefit of a rendering plant in Adair County. The need to assure mutuality of remedy is therefore nonexistent in the present situation.

In deciding the present case, we need not consider plaintiffs' contention that the type of quasi-contractual recovery permitted against municipal corporations in some instances, *see Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 358–60 (Iowa 1982), should also be available on claims against the state. The type of quasi-contractual liability recognized in *Dolezal* involved unjust enrichment of the public agency. The present case is not grounded on unjust enrichment.

## III. *Claims Against the Individual Defendant.*

Plaintiffs make no independent claim of error involving appellee Donald McCracken and rely solely on their arguments that the state should not have enjoyed sovereign immunity. Accordingly, we need not consider whether Iowa Code section 25A.8 (1985) applies to judgments which are not on the merits. The district court resolved the issues argued on appeal correctly. Its judgment is affirmed.

AFFIRMED.

All Justices concur except LARSON, LAVORATO, and SNELL, JJ., who dissent, and ANDREASEN, J., who takes no part.

LARSON, Justice (dissenting).

Hawkeye By–Products, Inc., alleged that it had a firm commitment from the State to

approve construction of the rendering plant and that the State reneged on that commitment. In the meantime, Hawkeye had spent $312,000 in development costs. When ruling on a special appearance, we must assume Hawkeye's allegations are true. *DeCook v. Environmental Sec. Corp.,* 258 N.W.2d 721, 725 (Iowa 1977).

Hawkeye's cause of action turns largely on whether the State's acts fall within the exclusions of Iowa Code section 25A.14(4) (1985). That section excludes

> [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit, or interference with contract rights.*

(Emphasis added.)

I do not agree with the majority's conclusion that the State's acts fall within any of the emphasized exceptions. The withdrawal of its approval would not constitute misrepresentation or deceit, unless there was a misrepresentation of a present fact. I do not believe the petition necessarily supports that theory. Moreover, it is doubtful whether there could be a claim of "interference with contract rights" as to Hawkeye, because that theory, it seems to me, is based on interference with a contract between other parties.

The bottom line is whether the acts of the State fall within the exclusions of section 25A.14(4) is at least arguable. If that is so, I believe we must approach the construction of the Tort Claims Act and its exclusions with an eye on the fairness of the result. In an analogous case, we said that

[a]ny other conclusion [than that the State had waived immunity in a contract case] would ascribe to the General Assembly an intent to profit the State at the expense of its citizens. We are unwilling to assume that the General Assembly intended the State to mislead its citizens into expending large sums to carry out their obligations to the State and, at the same time, deny to them the right to hold the State accountable for its breach of its obligations. To state the proposition is to demonstrate its injustice; indeed so unjust is it that it might amount to taking a property without due process of law.

*Kersten Co. v. Department of Social Servs.,* 207 N.W.2d 117, 120 (Iowa 1973) (quoting from *George and Lynch, Inc. v. State,* 197 A.2d 734, 736 (Del.1964)).

If a private citizen had done what the State allegedly did here, there would be no problem in getting the ear of the court under some theory of promissory estoppel. The State should be held to the same rules, until the legislature clearly says otherwise. In the absence of such language, I believe a lot may be said for two commonsense rules well known to the lay public: "A deal is a deal" and "what's fair is fair."

LAVORATO and SNELL, JJ., join this dissent.