Linda Kay **HARRINGTON**, Appellee,

v.

Laverne **SCHOSSOW**, Appellant.

No. 89–958.

Supreme Court of Iowa.

June 20, 1990.

Thomas J. Miller, Atty. Gen., John R. Perkins, Deputy Atty. Gen., Richard E. Mull, Robin G. Formaker, Asst. Attys. Gen., for appellant.

Bruce H. Stoltze of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines and David L. Updegraff, Sioux City, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This is an interlocutory appeal from the district court's refusal to dismiss a portion of Linda K. Harrington's action against Laverne Schossow. Schossow is a motor vehicle enforcement officer for the Iowa Department of Transportation. Harrington's law suit is predicated on her arrest by officer Schossow on July 16, 1986. She claims that Schossow used excessive force in effectuating the arrest and that she suffered damages as a result.

Harrington filed her petition on July 14, 1988. The action was cast in eight counts, each of which stated a different theory of liability against either the State, the department of transportation, or officer Schossow. The last six counts made claims pursuant to Iowa Code chapter 25A. The trial court dismissed all six of these counts for reasons not pertinent here. The second count alleged a cause of action against the State and the department of transportation pursuant to 42 U.S.C. section 1983. The trial court also dismissed this count.

The trial court did not, however, dismiss the first count of Harrington's petition, which alleged a cause of action against officer Schossow pursuant to 42 U.S.C. section 1983. It is from this decision that Schossow appeals. Schossow contends that Harrington sued him in his official capacity, and as a result the State is the real party in interest. He invokes the sovereign immunity of the State and asserts that the trial court lacks jurisdiction over

the case as a result. Alternatively, he argues that section 1983 is inapplicable to him in his official capacity as a matter of statutory interpretation.

Harrington argues that the first count of her petition is directed against Schossow in his individual, rather than official, capacity. As a result, she argues that the State is not the real party in interest and its immunity from suit is not implicated. She also argues that as to an individual, section 1983 is manifestly applicable to officer Schossow's alleged conduct.

Section 1983 provides a federal claim for litigants who believe that state officials have taken action against them in violation of their rights under the federal Constitution or their rights under federal law. *See Maine v. Thibotot*, 448 U.S. 1, 4–8, 100 S.Ct. 2502, 2504–06, 65 L.Ed.2d 555, 559–62 (1980). Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The eleventh amendment bars suits against states pursuant to section 1983 in federal courts unless the state has waived its immunity. *See Will v. Michigan Dep't of State Police*, — U.S. —, —, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45, 55 (1989); *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472–74, 107 S.Ct. 2941, 2945–46, 97 L.Ed.2d 389, 395–97 (1987) (plurality opinion); *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358, 366–67 (1979); *Edelman v. Jordan*, 415 U.S. 651, 677–78, 94 S.Ct. 1347, 1362–63, 39 L.Ed.2d 662, 681 (1974). At the same time, state courts exercise concurrent jurisdiction over cases involving section 1983. *Thibotot*, 448 U.S. at 3 n. 1, 100 S.Ct. at 2503 n. 1. 65 L.Ed.2d at 558 n. 1. The eleventh amendment is, however, inapplicable to suits filed in state courts. *Id.* at 9 n. 7, 100 S.Ct. at 2507 n. 7, 65 L.Ed.2d at 562 n. 7.

Until recently, the problem presented by inapplicability of the eleventh amendment to section 1983 actions in state courts has been that absent some other form of immunity, a section 1983 action filed in a state court would provide a greater remedy than the identical suit filed in federal court. There has been some disagreement among state courts as to whether states are also immune from section 1983 claims in state courts. *See Kristensen v. Strinden*, 343 N.W.2d 67, 76–77 (N.D.1983). This court recognized the problem in *Greene v. Friend of Court of Polk County*, 406 N.W.2d 433, 435–36 (Iowa 1987).

The issue in *Greene* was whether a section 1983 action filed in state court against the state and one of its agencies was barred by the state's immunity. We adopted the position, consistent with eleventh amendment doctrine in the federal courts, though predicated on traditional concepts of sovereign immunity, that absent a waiver of immunity by the state, the action was barred. We determined that chapter 25A of the Iowa Code constituted a limited waiver of immunity for section 1983 purposes. *Id.* at 435–36.

In that case, however, the plaintiff's claim was based upon the "functional equivalent" of false imprisonment, an exception to the Iowa Tort Claims Act pursuant to section 25A.14(4). As a consequence we concluded that the plaintiff's section 1983 action was barred, since the state had not waived immunity. *Id.* at 436.

Schossow now urges that we rely upon *Greene* to determine that he was clothed with the immunity of the State when the alleged actions occurred. Schossow argues that this case presents us circumstances similar to those found in *Greene*. He contends that Harrington alleges the functional equivalent of assault and battery, itself an exception to liability under chapter 25A. Iowa Code § 25A.14(4)(1985). He urges that we find that he is immune from suit because as an official of the State acting in his "official capacity," he is cloaked in its immunity. He bases this contention on the

proposition that a suit against a State official in his or her official capacity is the equivalent of a suit against the state itself. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985).

We think this argument begs the question, however, since it assumes that Harrington's petition stated a claim against Schossow in his official capacity. In the context of a section 1983 action in federal courts, an official sued in his individual capacity does not partake of the immunity of the state. *Scheuer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90, 97–98 (1974). In addition, as Schossow points out, the Supreme Court has recently taken a different tack in resolving problems of state immunity from suit in a section 1983 action taken in a state court.

In *Will v. Michigan Department of State Police,* —— U.S. ——, ——, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 57 (1989), the Supreme Court held that states are not "persons" for purposes of section 1983 litigation. We noted in *Greene* that many state courts had held as a matter of statutory interpretation that section 1983 did not create a cause of action against a state or its alter ego agency. *Greene,* 406 N.W.2d at 435 (citations omitted). The Supreme Court also held that state officials acting in their official capacities are not "persons" for purposes of section 1983 litigation involving damages. *Will,* 109 S.Ct. at 2312, 105 L.Ed.2d at 58. State officials acting in their official capacity are "persons" for purposes of section 1983 litigation involving injunctive relief. *Id.* at —— n. 10, 109 S.Ct. at 2312 n. 10, 105 L.Ed.2d at 58 n. 10. Since Harrington seeks damages rather than injunctive relief, the decision in *Will* is fully applicable.

Although the Supreme Court did not specifically rule on the issue of whether a state official acting in his or her individual capacity is a "person" for purposes of section 1983, federal courts interpreting the decision have found that such an action is not barred by *Will.* *See Al-Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 n. 2 (2nd Cir.1989) (damages can be obtained

against state official sued in individual capacity under *Will*); *Gutierrez–Rodriquez v. Cartagena,* 882 F.2d 553, 567 n. 10 (1st Cir.1989) (same); *Jones v. State of Rhode Island,* 724 F.Supp. 25, 29 (D.R.I.1989) (same); *Cross v. Meisel,* 720 F.Supp. 486, 488 n. 3 (E.D.Pa.1989) (same); *Braggs v. Lane,* 717 F.Supp. 609, 611 (N.D.Ill.1989) (section 1983 action available against official in individual capacity under *Will*). The issue before us, then, is whether the first count of Harrington's petition seeks damages against Schossow in his official or individual capacity.

The crucial issue in determining whether Harrington seeks damages against Schossow in his individual or official capacity is whether the State is the real party in interest. *Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90, 97 (1974). A suit nominally against an individual official *may* be viewed as one against the State if the plaintiff seeks damages from the state treasury. *Graham,* 473 U.S. at 165–66 & n. 11, 105 S.Ct. at 3104–05 & n. 11, 87 L.Ed.2d at 121 & n. 11.

In the eleventh amendment context, the Supreme Court has employed the language found in a petition to determine whether an action filed pursuant to section 1983 is against an official in his or her individual or official capacity. *See Scheuer,* 416 U.S. at 235–38, 94 S.Ct. at 1686–87, 40 L.Ed.2d at 96–98 (1974). In *Scheuer,* plaintiffs, acting in their capacities as administrators of the estates of students killed at Kent State University, sued the state governor, the adjutant general of the state national guard, specific officers and enlisted members of the national guard, and a state university president. *Id.* at 234, 94 S.Ct. at 1685, 40 L.Ed.2d at 95. The district court dismissed the complaints because it found that the actions were "in substance and effect" against the state, although in form they were against the named individuals. *Id.,* 94 S.Ct. at 1685, 40 L.Ed.2d at 95. The court of appeals affirmed.

In reversing the decision, the Supreme Court looked carefully at the language contained in the petitions. The Court found

that the petitions alleged that in undertaking actions that led to the students' deaths, the defendants either acted outside the scope of their authority or "in an arbitrary manner, grossly abusing the lawful powers of office." *Id.* at 235, 94 S.Ct. at 1686, 90 L.Ed.2d at 96; *see also Snyder v. Baumeker*, 708 F.Supp. 1451, 1458 (D.N.J.1989) (court must analyze nature of proceedings to determine whether action is against state when section 1983 action filed against official).

Although the *Scheuer* decision was made in the context of eleventh amendment immunities, federal courts have applied the same reasoning to the decision in *Will.* In *Jones v. State of Rhode Island,* 724 F.Supp. 25 (D.R.I.1989), the court faced a motion to dismiss pursuant to the decision in *Will.* The motion was not based on eleventh amendment immunity, but the court noted that "the issue as to whether the individual or the state is the true party in interest is the same." *Id.* at 28. The court applied the principles that governed the Supreme Court's decision in *Scheuer* to determine whether the petition in a section 1983 action "asserted facts that demonstrated [the petitioners] were seeking to impose individual and personal liability." *Id.* at 29; *see also Rice v. Ohio Dep't of Transp.,* 887 F.2d 716, 719 (6th Cir.1989) (record does not suggest that defendant's actions were "unofficial"); *Gray v. University of Kan. Medical Center,* 715 F.Supp. 1041, 1043 (D.Kan.1989) (allegations of complaint must be examined to determine whether section 1983 action undertaken in individual or official capacity).

Accordingly, we analyze the petition filed by Harrington to determine whether it states a claim against Schossow in his official or individual capacity. Schossow's motion to dismiss admits all facts well pleaded. We may sustain the motion only if it is certain that Harrington has failed to state a claim on which relief may be granted. *Dunn v. Rose Way, Inc.,* 333 N.W.2d 830, 831 (Iowa 1983). Schossow argues that the language of Harrington's petition makes it clear that her claim against him is in his official capacity. He points to paragraph two of count one of Harrington's petition, which states that Schossow was "at all times mentioned herein a duly appointed and acting officer of the Department of Transportation or the State of Iowa," as an indication of Harrington's intent to join him in his official capacity. As further proof, he points out that paragraph five states that Schossow, "in his capacity and while acting as an officer of the Iowa Department of Transportation, stopped the Plaintiff's vehicle."

This language, however, does not necessarily indicate an intent to sue Schossow in his official capacity. In order to state a claim for relief under section 1983, it is necessary that the plaintiff allege that the defendant's actions violated a right secured by the Constitution or laws of the United States and that they were undertaken "under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40, 49 (1988). As the Supreme Court explained in *West,* "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49, 108 S.Ct. at 2255, 101 L.Ed.2d at 49 (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368, 1383 (1941)).

Careful analysis of the language cited by Schossow in support of his position leads us to the conclusion that the assertions he relies on are a means of stating that he acted "under color of state law." Accordingly, we disagree with Schossow's conclusion that this language, by itself, indicates Harrington's intent to sue him in his official capacity. We must consider other language in the petition to determine whether Harrington alleges that Schossow acted in his individual capacity. *See Scheuer,* 416 U.S. at 235, 94 S.Ct. at 1686, 40 L.Ed.2d at 96.

We conclude that Harrington's petition does state a claim against Schossow in his individual capacity. She states with particularity facts which, if proven, demonstrate that Schossow acted "willfully, knowingly,

purposefully, and with malice," to deprive her of interests protected under the constitution. *Jones* 724 F.Supp. at 29. In addition, she specifically states that Schossow acted maliciously or with reckless disregard for her rights. Finally, as Harrington points out, she asks that "judgment be entered against the Defendant LaVerne Schossow."

Schossow offers further argument, however, based upon an assertion that because of the operation of the Iowa Tort Claims Act, he will be indemnified in the event that he is found to be liable in the section 1983 action. In support of this proposition, he points to Iowa Code section 25A.23 (1987), which provides that state employees are not personally liable for claims exempted under section 25A.14. He argues that Harrington's section 1983 action is predicated upon an allegation of assault and battery. A state tort claim based upon assault and battery is barred by section 25A.14(4).

Schossow also notes that Iowa Code section 313.16 provides a fund for payment of judgments based on claims arising out of activities of the department of transportation pursuant to chapters 25 and 25A of the Code. Schossow contends that as a result, the State treasury will ultimately pay any judgment against him. Because of the operation of these statutes, he concludes that Harrington's section 1983 action is against the State as the real party in interest, since any damages will be paid from the State treasury. *See Kentucky v. Graham,* 473 U.S. 159 at 165–66 & n. 11, 105 S.Ct. 3099 at 3104–05 & n. 11, 87 L.Ed.2d 114 at 120–21 & n. 11 (1985).

Neither of these interrelated arguments persuades us that Harrington's suit must be characterized as an official capacity action. Both lines of argument rely upon the implicit presumption that the State may immunize its officials by agreeing to indemnify them in the event a judgment is returned in favor of the plaintiff. We need not decide at this juncture whether a judgment against Schossow would require that the State indemnify him. Even if we assume that such is the case, we must conclude that an indemnification statute cannot be used by the State to convert individual action into official conduct.

Several federal courts have faced the same issue in the eleventh amendment context. In *Greiss v. State of Colorado,* 841 F.2d 1042, 1045–46 (10th Cir.1988), the state attempted, under its governmental immunity act, to insulate the defendant against a claim under section 1983. The court ruled that the statute could not be invoked as a means to cloak state officers sued in their individual capacity with eleventh amendment immunity. *Id.* The court noted that the state's position was untenable, as it attempted to extend the state's sovereign immunity to all of its employees "by the assumption of an illusory obligation for indemnification." The court pointed out that under the state's view, the immunity that resulted from indemnification would render the obligation to indemnify the employee meaningless. *Id.* at 1046.

Furthermore, a simple reliance on the language of *Edelman v. Jordan,* 415 U.S. at 651, 94 S.Ct. at 1347, 39 L.Ed.2d at 662, that a suit by private parties seeking to impose a liability which must be paid from public funds is barred by the eleventh amendment is misguided. As the court observed, "*Edelman* was concerned with claims for retroactive relief that by their nature must be paid from public funds, not actions directed against individuals that may ultimately be satisfied with state monies solely because the state has chosen to provide indemnification." *Greiss,* 841 F.2d at 1046; *see also Duckworth v. Franzen,* 780 F.2d 645, 650–51 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986) (indemnification provision of state law does not extend eleventh amendment immunity to state employee sued in individual capacity); *Spruytte v. Walters,* 753 F.2d 498, 511–14 (6th Cir. 1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 788, 88 L.Ed.2d 767 (1986) (same); *Demery v. Kupperman,* 735 F.2d 1139, 1146–51 (9th Cir.1984), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803, (1985). We believe that the same principle applies in this situation. *Cf. Will,* —— U.S. at ——, 109 S.Ct. at 2310–12, 105 L.Ed.2d at 56–58.

Likewise, we must conclude that the State cannot act to unilaterally bar a sec-

tion 1983 action against an official in his or her individual capacity simply because the claim is not cognizable under chapter 25A of the Code. While Iowa Code section 25A.23 may act as a bar to suits against individual state employees under the state tort claims act, it does not follow that a federal cause of action is similarly barred. If such were the case, the State could immunize its employees and make enforcement of federal civil rights impossible against state officials. *See Griess*, 841 F.2d at 1046; *Demery*, 735 F.2d at 1147; *cf. Brumage v. Woodsmall*, 444 N.W.2d 68, 70–71 (Iowa 1989). The State does not have the power to immunize its officials, acting in their individual capacity, from responsibility to the supreme authority of the United States. *See Ex Parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714, 729 (1908). We conclude that Harrington's section 1983 action against Schossow in his individual capacity is not barred by the Supreme Court's holding in *Will*, nor can the State's sovereign immunity be extended unilaterally to embrace Schossow's individual actions. Accordingly, we affirm the decision of the district court.

AFFIRMED.