Christopher W. DICKERSON, Appellant,

v.

John MERTZ and Darrell Batterson, Appellees.

No. 94–2041.

Supreme Court of Iowa.

April 17, 1996.

Richard E.H. Phelps, II, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Michael H. Smith, Assistant Attorney General, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

McGIVERIN, Chief Justice.

The issue in the present case is whether a genuine issue of material fact exists that would justify allowing plaintiff's state tort claims and federal civil rights claim against defendants to proceed to trial. As we believe there is not, we affirm the district court's grant of summary judgment for defendants.

I. *Background facts and proceedings.* At all times material to this controversy, defendants John Mertz and Darrell Batterson were employed as full-time conservation peace officers in the law enforcement bureau of the Iowa department of natural resources. They had served in that capacity for well over a decade. A conservation peace officer is charged with the duty to enforce all laws of the state and rules and regulations of the natural resource commission. *See* Iowa Code § 456A.13 (1995).[1]

In November 1991, officer Mertz stopped plaintiff Christopher Dickerson to check his hunting license while plaintiff was hunting along a public highway. Mertz observed that plaintiff's license failed to display a hunter safety certificate number as required by Iowa law. When Mertz asked plaintiff about the absence of the hunter safety certificate number, plaintiff told Mertz that he had taken a safety course and his license was valid. Taking plaintiff at his word, Mertz did not issue a citation at that time but told plaintiff he would check the department's records to confirm plaintiff had completed an approved hunter safety course.

Further inquiry disclosed plaintiff had not, in fact, completed an approved hunter safety course prior to purchasing his license. Therefore, officer Mertz issued plaintiff a citation charging him with hunting without a valid hunting license, a simple misdemeanor. *See* Iowa Code §§ 110.1, 110.27, 110.42 (1991).[2] Mertz also confiscated plaintiff's invalid hunting license at the same time he issued plaintiff the citation.

Dickerson pled not guilty and was ultimately acquitted of the "hunting without a valid license" charge levied against him by officer Mertz. After his acquittal, plaintiff asked Mertz to return to him his invalid hunting license but Mertz refused. Plaintiff proceeded to purchase a new hunting license after completing an approved hunter safety course.

At various times during 1992, plaintiff was stopped by conservation officer Batterson to check his hunting and fishing licenses. According to plaintiff, officer Batterson's demeanor during the stops was "nasty, demanding, sarcastic, and impolite."

In January 1993, plaintiff struck and killed a deer while driving his automobile. As a result of this incident, officer Batterson issued plaintiff a citation charging him with "taking deer by auto." *See* Iowa Code

---

1. Duties specifically include enforcement of laws regarding hunting, fishing, trapping, boating, all-terrain vehicles, and snowmobiles.

2. In the 1993 Code of Iowa, Iowa Code chapter 110 (1991) was recodified as Iowa Code chapter 483A. *See* Iowa Code ch. 483A (1995).

§§ 109.38, 805.8(5)(f)(1), 109.130(7) (1991).[3] He issued the citation to plaintiff based on an eye witness report from a homeowner who witnessed the deer being struck and killed. According to the witness, plaintiff intentionally struck and killed the deer; plaintiff contended he accidentally ran into the deer. After issuing plaintiff the citation, officer Batterson seized the deer from plaintiff. *See* Iowa Code §§ 109.11, 109.12 (1991) (authorizing seizure of accidentally or intentionally killed wildlife with or without warrant) (now codified as Iowa Code sections 481A.11, 481A.12 (1995)).

Dickerson pled not guilty and was ultimately acquitted of the "taking deer by auto" charge levied against him by Batterson, as he was of the charge brought against him by officer Mertz two years earlier.

In November 1993, after his acquittal of the two criminal charges levied against him by Mertz and Batterson, plaintiff filed the present civil lawsuit against the department of natural resources, officer Mertz and officer Batterson for their alleged wrongful treatment of him since 1991.[4] Because the parties raise no issue concerning the matter, we assume without deciding, that plaintiff exhausted all administrative remedies before the state appeal board prior to filing this action in district court. *See* Iowa Code § 669.5.

Plaintiff's state law claims included the intentional torts of abuse of process, malicious prosecution, and intentional infliction of emotional distress. Plaintiff also asserted a federal law claim under 42 U.S.C. § 1983 (1988), against defendants Mertz and Batter-

son alleging that Mertz and Batterson deprived him of due process under the Fourteenth Amendment to the United States Constitution.[5] For relief, plaintiff sought actual damages, punitive damages, costs, and attorney fees.

In their answers, defendants Mertz and Batterson denied having engaged in any intentional torts against plaintiff and denied having violated plaintiff's federal civil rights. In addition, defendants asserted two affirmative defenses to plaintiff's petition: (1) failure to state a claim upon which relief can be granted in regard to the state law claims, and (2) qualified immunity in regard to the federal law claim.

Defendants filed a motion for summary judgment requesting that the district court dismiss plaintiff's petition as a matter of law. *See* Iowa R.Civ.P. 237(b). In their motion and supporting memorandum, defendants argued they were entitled to judgment as a matter of law because the doctrines of sovereign immunity and qualified immunity barred plaintiff's claims set forth against them. Defendants also asserted that no genuine issue of material fact remained for trial.

The district court granted summary judgment to defendants on all of plaintiff's claims. In regard to the state law claims, the court rejected defendants' sovereign immunity argument but ruled in favor of defendants on plaintiff's abuse of process, malicious prosecution and intentional infliction of emotional distress claims on the basis that the factual record did not support those claims. On plaintiff's federal claim, the court held the record failed to show that defendants had

---

**3.** In the 1993 Code of Iowa, Iowa Code chapter 109 (1991) was recodified as Iowa Code chapter 481A. *See* Iowa Code ch. 481A (1995).

**4.** Plaintiff voluntarily dismissed the department of natural resources as a party-defendant in the lawsuit almost immediately after he filed the petition. *See* Iowa Code § 669.16 (exempting state agencies from claims under the state tort claims act).

**5.** Plaintiff's petition alleged the following acts by conservation peace officers Mertz and Batterson substantiated his claimed legal wrongs:

(1) Mertz seizing plaintiff's invalid hunting license;

(2) Mertz issuing plaintiff a citation for "hunting without a valid license" based on the fact plaintiff was hunting without having completed an approved hunter safety course;

(3) Batterson harassing plaintiff by checking his hunting and fishing licenses on multiple occasions; and

(4) Batterson issuing plaintiff a citation for "taking deer by auto" based on an eye witness report of the incident.

According to plaintiff's petition, these acts among others violated his federal civil rights, amounted to abuse of process and malicious prosecution, and caused him to suffer severe emotional distress, mental anguish and loss of enjoyment of life.

infringed upon plaintiff's constitutional rights and, moreover, qualified immunity shielded the defendants from § 1983 liability in this particular case.

From the district court's grant of defendants' motion for summary judgment, plaintiff Dickerson appeals.

■■■ II. *Review of summary judgment record.* We will uphold a grant of summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *De Koning v. Mellema,* 534 N.W.2d 391, 394 (Iowa 1995). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the litigation, given the applicable governing law. *Fees v. Mutual Fire & Auto. Ins. Co.,* 490 N.W.2d 55, 57 (Iowa 1992).

■ When we review the propriety of a grant of summary judgment, the moving party is required to show that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. *De Koning,* 534 N.W.2d at 394. In determining whether the movant has met this burden, we review the record in a light most favorable to the party opposing summary judgment, in this case the plaintiff. *Id.*

■ In this sense, we review the record as we would on a motion for directed verdict, with the nonmoving party entitled to every legitimate inference that reasonably can be deduced from the evidence and summary judgment is inappropriate if reasonable minds can differ on how the issue should be resolved. *Schermer v. Muller,* 380 N.W.2d 684, 687 (Iowa 1986).

The summary judgment record consists of the pleadings, depositions, answers to interrogatories, and affidavits. Iowa R.Civ.P. 237(c).

III. *Plaintiff's state law intentional tort claims and the sovereign immunity defense.* Plaintiff Dickerson's petition stated three state law claims against defendant conservation officers Mertz and Batterson: abuse of process, malicious prosecution, and intentional infliction of emotional distress. Each alleged claim is an intentional tort.

■ A. As an initial matter, we must decide whether plaintiff's claims against defendant state employees are "claims" under the Iowa Tort Claims Act, now codified in Iowa Code chapter 669 (1995). That chapter, which partially abrogates the State's sovereign immunity from tort claims, provides in part:

"Claim" means:

Any claim against an employee of the state for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment.

Iowa Code § 669.2(3)(b); *see Swanger v. State,* 445 N.W.2d 344, 346–47 (Iowa 1989) (discussing sovereign immunity and passage of the state tort claims act).

Defendants Mertz and Batterson were employees of the state department of natural resources at the time of the incidents alleged to support plaintiff's claims. In plaintiff's petition, he stated "[a]t all material times hereto, the defendants ... were purporting to act in their official capacity and under the code of their office and authority." Plaintiff has not alleged defendants' actions were beyond the scope of their office or employment with the department of natural resources. Nor did plaintiff allege any action by the defendants that was taken outside their capacity as conservation peace officers.

Therefore, we conclude plaintiff's abuse of process, malicious prosecution, and intentional infliction of emotional distress claims fall within the ambit of Iowa Code section 669.2(3)(b) and are governed by the provisions of chapter 669. *See Brumage v. Woodsmall,* 444 N.W.2d 68, 70 (Iowa 1989); *Lindaman v. Bode,* 478 N.W.2d 312, 315 (Iowa App.1991).

B. In response to plaintiff's petition, defendants contend in their answers and motion for summary judgment that Iowa Code chapter 669, the state tort claims act, shields them as state employees from personal liability for abuse of process and malicious prosecution claims. *See* Iowa Code §§ 669.23,

669.14(4). Defendants do not, however, assert immunity with respect to plaintiff's intentional infliction of emotional distress claim.

■ In its summary judgment ruling, the district court declined to find that defendants were immune from any of the state law claims pursuant to Iowa Code sections 669.23 and 669.14(4), but instead concluded the factual record did not support the claims. We disagree in part with the district court's legal conclusion on this issue and believe defendants are statutorily immune from plaintiff's claims for abuse of process and malicious prosecution. Thus, we reach the same result as the district court but on a different basis.

The doctrine of sovereign immunity dictates that a tort claim against the state or an employee acting within the scope of his office or employment with the state must be brought, if at all, pursuant to chapter 669. *See Swanger*, 445 N.W.2d at 346; *Hansen v. State*, 298 N.W.2d 263, 265 (Iowa 1980); *Lloyd v. State*, 251 N.W.2d 551, 555 (Iowa 1977). Iowa Code section 669.4 waives the state's sovereign immunity from tort claims but sections 669.23 and 669.14 partially abrogate this waiver. Iowa Code section 669.23 (formerly codified as section 25A.23 (1985)) was added to the state tort claims act in 1984. *See* 1984 Iowa Acts ch. 1259, § 4. That section provides:

Employees of the state are not personally liable for any claim which is exempted under [Iowa Code] section 669.14.

Iowa Code § 669.23 (1995).[6]

Section 669.14 provides that the State's waiver of sovereign immunity from tort claims in section 669.4 does not apply to

[a]ny claim arising out of assault, battery, false imprisonment, false arrest, *malicious prosecution, abuse of process,* libel,

slander, misrepresentation, deceit, or interference with contract rights.

*Id.* § 669.14(4) (emphasis added).

Plaintiff has not rebutted defendants' argument on appeal that the district court erred when it concluded that sections 669.23 and 669.14(4) did not grant immunity to defendants as state employees from plaintiff's abuse of process and malicious prosecution claims. In rejecting defendants' immunity argument, the district court stated section 669.23 "has no effect on preexisting causes of action which could have been and still can be levied against state employees." In so finding, the court relied on a decision, *see Speed v. Beurle*, 251 N.W.2d 217 (Iowa 1977), decided prior to the 1984 addition of Iowa Code section 25A.23, now codified as section 669.23. *See Speed*, 251 N.W.2d at 218–19 (plaintiff pursued a medical malpractice claim for compensatory and punitive damages against university of Iowa physicians in their individual capacities after filing a tort claim against the State under Iowa Code chapter 25A (1971)).

We find no language in the present state tort claims act or in our decisions filed after the 1984 addition of section 25A.23 (now codified as section 669.23) to support the district court's conclusion. The plain language of sections 669.23 and 669.14(4) mandates a conclusion opposite that reached by the district court and, thus, statutory construction is not necessary.

Therefore, we conclude defendants Mertz and Batterson are statutorily immune from plaintiff's abuse of process and malicious prosecution claims.

■ C. Plaintiff's claim for intentional infliction of emotional distress is also a "claim" under the state tort claims act. *See Brumage*, 444 N.W.2d at 69–70. This intentional tort is not, however, listed as an exception under section 669.14 to the waiver of sover-

---

6. In our only case to discuss this immunity statute, *Harrington v. Schossow*, 457 N.W.2d 583, 588–89 (Iowa 1990), we concluded the statute did not bar a federal excessive force claim brought under 42 U.S.C. § 1983. In *Harrington*, the district court had earlier dismissed several state law claims brought under the state tort claims act against the State, the Iowa department of transportation, and the motor vehicle enforcement officer who allegedly used excessive force against Harrington. *Id.* at 584. The dismissal of the state law claims was not raised as an issue on appeal. Based on the status of the *Harrington* case, we stated, but did not hold, that Iowa Code § 25A.23 "may act as a bar to suits against individual state employees under the state tort claims act...." *Id.* at 589.

eign immunity in section 669.4. Moreover, defendants do not argue the exceptions listed in section 669.14(4) include the tort of intentional infliction of emotional distress. Therefore, defendants Mertz and Batterson are not statutorily immune from plaintiff's emotional distress claim.

Four elements must be established to make a prima facie showing of intentional infliction of emotional distress: (1) outrageous conduct by defendants; (2) defendants' intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendants' outrageous conduct. *Millington v. Kuba,* 532 N.W.2d 787, 793 (Iowa 1995); *Marks v. Estate of Hartgerink,* 528 N.W.2d 539, 546 (Iowa 1995).

It is for the court to initially decide whether defendants' conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. *Marks,* 528 N.W.2d at 546. To constitute outrageous conduct, defendants' actions must be " 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Id.* (quoting *Vinson v. Linn–Mar Community Sch. Dist.,* 360 N.W.2d 108, 118 (Iowa 1984)).

Plaintiff claims the record shows defendants acted outrageously and extremely in the following fashion: defendants issued plaintiff two citations of which he was acquitted, defendant Mertz confiscated and refused to return to plaintiff an invalid hunting license, defendant Batterson checked plaintiff's game licenses on eight to ten occasions in a rude manner, and defendant Batterson refused to let plaintiff keep a road-killed deer to which plaintiff had no legal title. Plaintiff cites no authority which would prohibit any of the above actions taken by the defendants within the scope of their employment as conservation peace officers.

In viewing the record in a light most favorable to plaintiff as we would in a motion for directed verdict, we conclude as a matter of law that defendants' actions did not consti-

tute outrageous conduct. The district court properly dismissed plaintiff's intentional infliction of emotional distress claim on defendants' motion for summary judgment.

IV. *Plaintiff's federal civil rights claim and the qualified immunity defense.* In their amended answers, defendants pled the doctrine of qualified immunity as an affirmative defense to plaintiff's claim that defendants deprived him of due process of law under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. That statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

A plaintiff in a § 1983 action must establish (1) that the defendants deprived the plaintiff of a right secured by the Constitution and laws of the United States, (2) that the defendant acted under color of state law, (3) that the conduct was a proximate cause of the plaintiff's damage, and (4) the amount of damages. *Leydens v. City of Des Moines,* 484 N.W.2d 594, 596 (Iowa 1992); *see Kleiss v. Short,* 805 F.Supp. 726, 727–28 (S.D.Iowa), *aff'd,* 995 F.2d 229 (8th Cir.1992) (dismissing § 1983 claim as frivolous for failing to allege a constitutional injury for which plaintiff had a reasonable damage claim).

The doctrine of qualified immunity entitles executive branch officials, who are sued for allegedly committing unconstitutional acts while carrying out their official duties, to immunity from suit rather than a mere defense to liability. *See Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411, 425 (1985); Erwin Chemerinsky, *Federal Jurisdiction* § 8.6, at 473–74 (1994). Thus, qualified immunity is an affirmative defense which the defendant official must plead. *Harlow v. Fitzgerald,* 457 U.S.

800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396, 408 (1982). If asserted by the government officer, the issue of qualified immunity is readily determinable prior to trial and the standard of proof is one of objective reasonableness:

> [T]he qualified immunity defense "shield[s] [government agents] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known...." *Harlow* [*v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982),] adopted this criterion of "objective legal reasonableness," rather than good faith, precisely in order to "permit the defeat of insubstantial claims without resort to trial." Unsurprisingly, then, we later found the immunity to be "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question."

*Behrens v. Pelletier,* —— U.S. ——, ——, 116 S.Ct. 834, 838, 133 L.Ed.2d 773, 783 (1996) (citations omitted). Our court and the court of appeals have applied the doctrine of qualified immunity in past decisions. *See, e.g., Leydens,* 484 N.W.2d at 596–98 (finding summary judgment should not have been granted to city and police officers in § 1983 claim on qualified immunity theory because defendants failed to claim exigent circumstances existed in addition to probable cause to justify search without a warrant); *Brumage,* 444 N.W.2d at 71 (presiding judge of the board of stewards and other defendants entitled to qualified immunity, not absolute immunity, on § 1983 claim); *Torner v. Reagen,* 437 N.W.2d 553, 554 (Iowa 1989) (commissioner of state department of human services entitled to qualified immunity on § 1983 claim); *City of McGregor v. Janett,* 480 N.W.2d 576, 579–80 (Iowa App.1991) (city engineer entitled to qualified immunity on § 1983 claim).

■ Assuming, without deciding, that plaintiff's petition alleges a prima facie case that his federal civil rights were violated pursuant to § 1983, *see City of Iowa City v. Hagen Elecs., Inc.,* 545 N.W.2d 530, 536 (Iowa 1996) ("assuming ... Hagen has

shown a deprivation of his property rights"), on appeal defendants contend they are immune from plaintiff's § 1983 claim based on the doctrine of qualified immunity. Qualified immunity is a question of law for the court and the issue may be decided by summary judgment. *Hunter v. Bryant,* 502 U.S. 224, 227–28, 112 S.Ct. 534, 536–37, 116 L.Ed.2d 589, 595–96 (1991); *Leydens,* 484 N.W.2d at 597; *Torner,* 437 N.W.2d at 554.

■ The record shows that officer Mertz had probable cause to issue a citation to plaintiff Dickerson for "hunting without a valid license" because of the apparent invalidity of Dickerson's hunting license. The record also shows officer Batterson had probable cause to issue a citation to plaintiff for "taking deer by auto" based on the report of a witness to the incident.

In its summary judgment ruling, the district court concluded

> the defendants could have and undoubtedly believed their acts in effecting the arrests and seizing the license were lawful based on the existing law and the facts as the officer knew them so that the concept of a qualified immunity is applicable.

Based on the standard set forth in *Behrens* above, we believe the district court applied the proper, objective test for assessing the actions of defendants in the present case. Based on the pre-existing law at the time of the alleged incidents, plaintiff has made no showing under this record that the alleged unlawfulness of the defendants' actions was "apparent" or that defendants acted unreasonably under the circumstances. *See Anderson v. Creighton,* 483 U.S. 635, 640–41, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523, 531–32 (1987) (concluding federal bureau of investigation agent is entitled to qualified immunity from money damages lawsuit if he can establish the reasonableness of his search of person's home, regardless of the legality of the search under the Fourth Amendment); *Hunter,* 502 U.S. at 228–29, 112 S.Ct. at 537, 116 L.Ed.2d at 596 (holding secret service officers had qualified immunity from suit because their actions in arresting and searching a defendant without probable cause or a warrant were reasonable). Moreover, nowhere in the record does plaintiff allege, let alone

support, that defendants Mertz and Batterson knew or should have known that they were violating a particular constitutional right enjoyed by plaintiff. *See City of McGregor*, 480 N.W.2d at 580.

We agree with the district court that plaintiff has not shown a factual issue concerning unreasonableness of defendants' actions based on the existing law, and therefore we conclude the district court did not err in finding defendants immune from plaintiff's § 1983 claim.

V. *Disposition.* We affirm the district court's grant of defendants' motion for summary judgment and dismissal of plaintiff's petition for the reasons stated above.

**AFFIRMED.**